# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

CHRISTOPHER HEHNEN )
    Plaintiff, )
     )
     )
v. )
     )
MUNICIPAL GOVERNMENTOF THE )
CITY OF SOUTH CARTHAGE, )
TENNESSEE )
And )
DAVID LONG Individually and in His )
Official Capacity as Chief of Police for )
South Carthage Police Department, )
And )
KEVIN DICK  Individually and in His )
Official Capacity as an Employee for )
South Carthage Police Department, )
    Defendants. )

**ORIGINAL**

CASE NO.:
JURY DEMAND

---

## COMPLAINT

---

    Comes now the Plaintiff, CHRISTOPHER HEHNEN, by and through undersigned Counsel, ADAM WILDING PARRISH, and for cause of action against the Defendants would show unto the Court as follows:

### JURISDICTION AND VENUE

1. The Plaintiff sues for violation of Plaintiff's civil rights and constitutional rights by the Defendants, and each of them, through actions taken against the Plaintiff under the color of State law in South Carthage, Tennessee, on or about March 9th, 2014.

2. This action arises under the Fourth and Fourteenth Amendment to the United States Constitution and Article I, Section 8 of the Constitution of Tennessee.

3. This action is brought pursuant to 42 U.S.C. § 1983, et seq., and 42 U.S.C § 1988, et seq., and jurisdiction is established due to the federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## FACTS

4. The at all times relevant hereto, Plaintiff, CHRISTOPHER HEHNEN, was/is a citizen and resident of Smith County, State of Tennessee.

5. That at all times relevant hereto, the Defendant, KEVIN DICK, (hereinafter " Dick"), was employed by the Municipal Government of the City of South Carthage as police officer with South Carthage Police Department in South Carthage, Smith County, Tennessee.

6. That at all times relevant hereto, the Defendant, DAVID LONG, (hereinafter " Long"), was employed by the Municipal Government of the City of South Carthage as the Chief of Police with South Carthage Police Department in South Carthage, Smith County, Tennessee.

7. That Defendants Municipal Government of the City of South Carthage and David Long are responsible for the hiring, training and discipline of its employees and officers.

8. That the Municipal Government of the City of South Carthage and the South Carthage Police Department are local governmental entities that employ the Defendants Dick and Long.

9. On or about March 9th, 2014, Plaintiff was a single rider of a motorcycle travelling eastbound on Highway 70 near the city limits of South Carthage.

10. That on that date, Officer Junior Fields with the Smith County Sheriff's Department attempted to stop the Plaintiff for a speeding violation.

11. That while the Plaintiff did initially pull over, he drove off before a citation could be issued.

12. That Officer Fields terminated his pursuit of the Plaintiff, but advised the dispatcher for the City of South Carthage that the Plaintiff was approaching their city limits.

13. That Officer Dick, acting in his official capacity as employee of the Municipal Government of the City of South Carthage and South Carthage Police Department, did travel to Highway 53 and positioned his vehicle on the side of road and turned off all lights and security equipment to avoid detection.

14. That as the Plaintiff was approaching the overpass, Officer Dick suddenly activated his equipment, completed a "U-turn" into the oncoming lane of travel, and crossing several lanes of traffic and did strike the motorcycle being driven by the Plaintiff.

15. That as a direct and proximate cause of the impact, the Plaintiff sustained physical injuries that necessitated medical care.

16. That as a direct and proximate cause of the impact, the Plaintiff has sustained property damages.

17. That Plaintiff was ultimately taken to the hospital for his injuries and eventually taken into custody.

18. That Officer Dick did not charge the Plaintiff with any criminal offense.

19. That Plaintiff continues to suffer recurring headaches and occasional bouts of dizziness.

## COUNT ONE-BATTERY

20. The Plaintiff adopts paragraphs 1 through 19 as though herein repeated verbatim.

21. That Defendant, Dick, acting under color of law, did knowingly, intentionally and or recklessly assault the Plaintiff in the manner alleged above, causing a harmful and or offensive contact with the Plaintiff without his effective consent.

22. That as a direct and proximate cause of the Defendant's conduct, Plaintiff suffered injuries entitling him to damages.

## COUNT TWO-EXCESSIVE FORCE

23. The Plaintiff adopts paragraphs 1 through 22 as though herein repeated verbatim.

24. Pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, the Plaintiff has a fundamental due process right to be free from the objectively unreasonable use of excessive force.

25. That each Defendant was aware at the time of this incident that Plaintiff had a clearly established constitutional right to be free from the objectively unreasonable use of excessive force.

26. The Defendants violated Plaintiff's Civil and Constitutional Rights when Officer Dick acting under color of law, did knowingly, intentionally and or recklessly ram the Plaintiff who was riding a motorcycle with a police car, and using excessive force absent cause to do so.

27. That as a direct and proximate result of the acts and omissions of Defendants, Plaintiff has suffered injuries entitling him to damages.

## COUNT THREE-NEGLIGENCE

28. The Plaintiff adopts paragraphs 1 through 27 as though herein repeated verbatim.

29. That at all times relevant hereto, the Defendants were employees acting under color of law, in their official capacity as employees of the as previously set forth in this Complaint.

30. As such, Defendant Police Department and City Government owed Plaintiff a duty to protect him and exercise due diligence in the hiring and disciplining of its employees and staff.

31. That upon information and belief, Defendant Police Department and City had prior knowledge of prior instances of Dick's use of excessive force in the past.

32. That Defendant breached that duty in the manner alleged below;

33. That Defendants failed to enforce or initiate policies designed to protect the public.

34. That Defendants failed to adequately train, discipline, and monitor its employees.

35. That as a proximate result of this negligence, Plaintiff was physically injured in the manner alleged above.

## COUNT FOUR-FAILLURE TO TRAIN AND DISCIPLINE

36. The Plaintiff adopts paragraphs 1 through 35, as though herein repeated verbatim.

37. Municipal Government of the City of South Carthage, by and through its Police Department, and Chief David Long is/are in charge of the training and disciplining of officers and employees within its control, such as the Defendant, Dick.

38. As evidenced by the acts and omissions of Officer Dick , and subsequent failure to intervene or prevent the battery and utilization of excessive force against Plaintiff, the South Carthage Police

Department and City Government have inadequately trained or disciplined its employees in the prevention of use of excessive force.

## DAMAGES

39. That the actions and omissions of the Defendants complained herein, are unlawful, conscious shocking, and unconstitutional and performed maliciously, recklessly, sadistically, retaliatory, intentionally, willfully, wantonly and in such a manner as to entitle Plaintiff to a substantial award of punitive damages.

40. As a direct and proximate result of Defendants acts and omission, the Plaintiff has been caused to suffer great emotional, physical and psychological pain and injury, and has incurred and will continue to incur medical expenses in the treatment of these injuries.

41. As a direct and proximate result of Defendants acts and omissions, the Plaintiff continues to suffer considerable pain and discomfort.

42. Upon information and belief, the Plaintiff has suffered property and other pecuniary loss as a direct and proximate result of Defendants acts and omissions.

43. Plaintiff has also incurred the expenses of an attorney in the redress of his grievances.

44. That Plaintiff seeks compensation both jointly and severally under both state and federal law.

WHEREFORE, premises considered, Plaintiff requests the following relief:

1. That process shall issue requiring Defendants named herein to respond to this complaint within the time prescribed by law;

2. That this cause shall be heard by a jury;

3. That the Court render judgment in favor of the Plaintiff and against the Defendants in an amount deemed just and adequate to compensate Plaintiff for his physical injuries and mental pain and suffering both past, present and future, medical expenses, property loss, loss of enjoyment of life, and violation of his rights as guaranteed by the Constitution.

4. That the Court render judgment for punitive damages in favor of the Plaintiff and against the Defendants in an amount to be determined by the appropriate trier of fact.

5. That the Court render judgment awarding Plaintiff his fees and discretionary costs incurred in this action;

6. For other and general relief from time to time as the Court may deem appropriate.

Respectfully Submitted,

ADAM WILDING PARRISH (BPR#21917)
112 East High Street
Lebanon, TN 37087
(615) 444-6884
Attorney for Plaintiff